FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 30 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

JOSE FERNANDO CHICA-VILLADA,

Defendant.

---

15-CR-445

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

**For United States:**
    Moira Kim Penza
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-7000
    moira.penza@usdoj.gov

**For Defendant:**
    Mia Eisner-Grynberg
    Federal Defenders of New York, Inc.
    One Pierrepont Plaza, 16th Floor
    Brooklyn, New York 11201
    718-330-1257
    Mia_eisner-grynberg@fd.org

## Table of Contents

I. Introduction ..........................................................................................................................1
   A. Instant Offenses .............................................................................................................1
   B. Arrest .............................................................................................................................2
   C. Guilty Plea .....................................................................................................................2
   D. Sentencing Hearing........................................................................................................2
II. Offense Level, Category, and Sentencing Guidelines Range...............................................2
III. Law.......................................................................................................................................3
IV. 18 U.S.C. § 3553(a) Considerations ....................................................................................4
V. Sentence................................................................................................................................4
VI. Conclusion............................................................................................................................5

## I. Introduction

Defendant pled guilty to one count of visa fraud pursuant to 18 U.S.C. § 1546(a). He procured a nonimmigrant visa using false information, namely, that he was employed at a company where he did not work.

His conduct appears to be an unfortunate aberration from his otherwise productive and law-abiding life.

He is sentenced to time-served of thirty-seven days.

### A. Instant Offenses

Mr. Chica-Villada is a 23-year-old Colombian citizen. *See* Presentence Investigation Report ("PSR"), at 2. As a birthday present to himself, he decided to visit New York for a vacation. *See* Sentencing Hr'g Tr., Sept. 25, 2015 ("Sent. Hr'g."). Believing that he could not obtain a visa to enter the United States unless he owned land or had a job, he paid an employee of the human resources department of a company to assist him in completing the visa application and to say that he was employed by the company. *See id.*; Sept. 17, 2015 Transcript of Criminal Cause for Pleading (ECF No. 10) ("Sept. 17, 2015 Tr."), at 17:2-8; PSR at ¶ 4.

When he arrived at John F. Kennedy Airport on August 19, 2015, defendant presented his Colombian passport to a Customs and Border Protection ("CBP") officer. PSR at ¶ 2. The CBP

officer noticed that the name and address of the business at which the defendant was purportedly employed was incorrect. The CBP officer called the business's human resources department. *Id.* at ¶ 3. That department confirmed the fact that Mr. Chica-Villada was not employed at the business. *Id.* Upon further questioning, the defendant admitted that he had never been employed by the business. *Id.* at ¶¶ 4-5.

### B. Arrest

Mr. Chica-Villada was arrested on August 19, 2015. *See id.* at 1. He has remained in custody since his arrest. *Id.*

### C. Guilty Plea

On September 17, 2015, Mr. Chica-Villada pled guilty to one count of visa fraud pursuant to 18 U.S.C. § 1546(a). *See* Sept. 17, 2015 Tr. at 16:10-12.

### D. Sentencing Hearing

The sentencing hearing was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's total offense level is 6. *See* PSR at ¶ 18. The criminal history category is I. *See id.* at ¶ 21. The Sentencing Guidelines ("Guidelines") imprisonment range is 0-6 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 45.

The offense is a Class C Felony. The Guidelines range for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2).

A special assessment of $100 is mandatory. 18 U.S.C. § 3013(a)(2)(A). The Guidelines range for the imposition of a fine for this offense is $500 to $5,000. U.S.S.G. § 5E1.2(c)(3); PSR ¶ 53.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National

3

Academies, The Growth of Incarceration in the United States, Exploring Causes and Consequences, 8 (2014) ("Parsimony: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The defendant is a 23-year-old Colombian citizen with no prior criminal history. *See* PSR. He does not use drugs or drink, and has the equivalent of a high school diploma. Sept. 17, 2015 Tr. at 6:10-19; PSR at ¶ 35. Following high school he voluntarily enlisted for two years in the Colombian army. PSR at ¶ 39.

He grew up in a lower-middle income home in Bogota without financial or other hardship. *Id.* at ¶ 28. His parents are married and live and work in Colombia; they live with and share a close relationship with the defendant. *Id.* at ¶¶ 26-30.

A custodial sentence is unnecessary. Defendant appears to be a productive member of society who has led a good life but for this one crime. *See* Sent. Hr'g. Upon being caught at the airport, he admitted his guilt, and has since expressed sincere remorse for his actions. *See* PSR at ¶ 4; Sent. Hr'g. Imprisonment will harm the defendant by preventing him from returning to his country where he can continue with his life. He will have to deal with the impact of a criminal conviction and its collateral consequences for the rest of his life.

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Chica-Villada is sentenced to time-served of 37 days. *Id.* A $100 special assessment is imposed. 18

4

U.S.C. § 3013(a)(2)(A). No fine was imposed in light of the defendant's inability to pay one. *See* PSR at ¶ 41; Sent. Hr'g. Three years supervised release is ordered.

## VI. Conclusion

General and specific deterrence are achieved by the sentence. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Jack B. Weinstein
Senior United States District Judge

Dated: September 25, 2015
Brooklyn, New York